IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR88 |
| v. | |
| JUAN AVALOS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the pro se motion of defendant Juan Avalos ("Avalos") (Filing No. 262) seeking a sentence reduction under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A).

The First Step Act allows Avalos to move for a sentence reduction once he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Avalos states that he submitted a request for relief to the warden at Federal Correctional Institution at Leavenworth, Kansas on November 17, 2020. Although not stated, the Court will assume that the request was either denied or is still pending. Either way, the Court will assume Avalos has met the procedural requirements of § 3582(c)(1)(A).

In deciding whether to reduce a sentence pursuant to § 3582(c)(1)(A), the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also

deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id.*

The Court also considers whether a defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2) and must ensure the relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13.

Avalos's request is based on his general statements regarding the dangers of COVID-19 and his argument that his original sentence was excessive—supported only to caselaw from different jurisdictions.

Given the nature and circumstances of the offense and the balance of relevant factors, the Court does not find that extraordinary and compelling reasons exist to reduce Avalos's sentence.

Based on the foregoing, Avalos's motion for a sentence reduction (Filing No. 262) is denied.

---

[1]This policy statement predates the First Step Act and therefore does not govern the Court's review of Avalos's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Dated this 15th day of September 2021.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
Chief United States District Judge